herein are too incomplete to determine that upon this record or to sustain the complaint on that theory. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

SUMMERS LUMBER AND SUPPLY CORPORATION, Respondent, v. J. S. BARBARA CONSTRUCTION CORPORATION and Others, Defendants, and PROVIDENT MORTGAGE CORPORATION and H. CLAY WALDMAN, INC., Appellants, and ERNEST W. RUESTOW, Respondent.*— Judgment of the County Court of Suffolk county affirmed, with costs. No opinion. Rich, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Young, J., dissent, being of opinion that the liens upon the property to the extent of $27,150.19 have priority over plaintiff's mechanic's lien.

SADIE TAORMINA, Appellant, v. LUIGI J. TAORMINA, Respondent.— Judgment reversed upon the facts and a new trial granted, costs to the plaintiff to abide the event, on the ground that the judgment is against the weight of the evidence. Findings of fact 4, 6, 8, 10 and 11, and conclusion of law 1, are reversed. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JOHN LANGDON TAYLOR, Appellant, v. THE ROBERT E. RAMSAY ORGANIZATION, INC., and ROBERT E. RAMSAY, Respondents.— Order, in so far as appealed from, reversed upon the law, with ten dollars costs and disbursements, and motion for the entire relief sought by plaintiff granted, with ten dollars costs; examination to proceed on five days' notice as stated in order. This is an action at law and not in equity (Lockwood v. Bedell Co., 178 App. Div. 695), and the plaintiff is entitled to the examination upon all matters set forth in the order to show cause. He is also entitled, in connection with that examination, to discovery and inspection of the books and records so far as necessary to determine the profits in question. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

WILLIAM E. TRUBEE, Respondent, v. ELSIE R. HAEBLER, Being Sued Herein as ELSIE R. TRUBEE, Appellant.— Order in so far as it denies defendant's motion to dismiss complaint and for counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ., concur.

LENA TUCCI, Respondent, v. FRANK TUCCI, Appellant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In order to maintain this proceeding in contempt, it was essential that a certified copy of the decree requiring the payment of alimony should be served upon the defendant, and as this was not done the defendant could not be held guilty of contempt. (Ryckman v. Ryckman, 32 Hun, 193; Matzke v. Matzke, 185 App. Div. 533; Dikeman v. Dikeman, 108 Misc. 406.) Young, Scudder and Tompkins, JJ., concur; Kapper, J., dissents upon the ground that as a demand is no longer necessary for the purpose of instituting contempt proceedings in a case of this character, the service of a certified copy of the judgment, which the statute does not require, is not essential; Lazansky, P. J., agrees with the view expressed by Kapper, J., but concurs in the result reached by the majority of the court, upon the ground that the affidavits submitted by plaintiff do not warrant the conclusion that payment of the alimony cannot be enforced by sequestration proceedings or by the giving of security therefor.

RALPH TURKIN, Respondent, and JACOB TURKIN, Plaintiff, v. BROOKLYN,

* Modified, 255 N. Y. ——.

QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

UTILITY ELECTRIC Co., INC., Respondent, v. FRANK WILSON, Individually and as President of Local Union No. 3 of the International Brotherhood of Electrical Workers, and Others, Appellants.— Judgment unanimously affirmed, with costs. The questions of substantive law argued by the defendants, appellants, may not be considered on this record. The defendants are bound by the judgment in view of the findings and conclusions which the trial court made at their request, particularly proposed conclusion of law 1, which the court found and which states that the plaintiff's rights have been invaded by the acts of the defendants and each of them and that if such acts are not restrained the plaintiff will suffer financial loss. (*Gillies* v. *Preferred Accident Ins. Co.*, 203 App. Div 588, 590; *Bennett* v. *Eastchester Gas Light Co.*, 54 id. 74; *Weigley* v. *Kneeland,* 60 id. 614; *Frascone* v. *Louderback*, 153 id. 199; affd., 208 N. Y. 631.) Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

RUTH WARNER, Plaintiff, v. JOE ISGOR, Defendant.— On agreed statement of facts, judgment of specific performance unanimously directed for defendant. without costs. The title is marketable. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

FRANK WEISS, Appellant, v. JOHN FARSON, JR., Defendant, and RODNEY FARSON, Respondent.— Order setting aside the verdict of the jury in favor of the plaintiff for $18,279 unless the plaintiff shall stipulate to reduce said verdict to $12,279, reversed upon the law and the facts, with costs, verdict reinstated and judgment directed to be entered thereon, with costs. While this court is reluctant to interfere with the exercise of discretion by the trial court in reducing the verdict (*Fitzgerald* v. *New York Central R. R. Co.*, 215 App. Div. 1), we are of opinion that there was sufficient evidence from which the jury might find that plaintiff's epilepsy resulted from the accident and that the verdict under the circumstances is not excessive. Lazansky, P. J., Rich, Hagarty, Carswell and Tompkins, JJ., concur.

HARRY WEISS and ETHEL BURGER, Appellants, v. THE BEACH TWENTY-SIXTH STREET CORPORATION, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Defendant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of allowing the amended answer to stand; plaintiffs to serve their reply thereto within two days, and the case retain its place on the June calendar and be set down for trial for June 26, 1930. In our opinion, it is quite obvious that this answer was interposed solely for delay and in order to prevent the trial of this action before the October term. Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ., concur.

MARTIN M. WOHL and HARRY WOHL, Copartners Doing Business under the Firm Name and Style of WOHL BROS., Appellants, v. SOL SCHILDKRAUT and ISABELLE B. BOOTH, Individually and as Executrix, etc., of JOHN N. BOOTH. Deceased, Respondents.*— Judgment unanimously affirmed, with costs. We are of opinion that the testimony supports the decision made by the court upon which the judgment was entered. The defendants, in their contract, provided that the premises were sold " subject to zoning restrictions." The testimony of the

* Appeal dismissed, 254 N. Y. —.